**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: ASBESTOS PRODUCTS LIABILITY      CIVIL ACTION NO.: MDL 875
LITIGATION (NO. VI)

DEON W. WRIGHT,      CASE NO.: 1:11-CV-66748

Plaintiff,

v.

A.W. CHESTERTON CO., et al.,

Defendants.

## GOULDS PUMPS, INC.'S
## MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, GOULDS PUMPS, INC. ("GOULDS"), by and through its attorneys, HINSHAW & CULBERTSON LLP, and moves this Court for entry of an Order granting it Summary Judgment against the Plaintiff, DEON W. WRIGHT, pursuant to Rule 56. In support of its Motion for Summary Judgment, GOULDS states as follows:

### I. Introduction

1.      The Plaintiff, DEON W. WRIGHT, alleges that he developed an asbestos-related disease through his occupational exposure to Defendants' asbestos-containing products and/or equipment. (See Plaintiff's Complaint, attached as Exhibit "A".) As to GOULDS, Plaintiff alleges that he was exposed to asbestos-containing products attributable to *pumps* manufactured by this defendant.

2.      GOULDS has denied the material allegations of Plaintiff's Complaint. (*See* Goulds Pumps, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint, attached as Exhibit "B.")

3.      GOULDS is entitled to Summary Judgment against the Plaintiff as a matter of law, because Plaintiff has failed to produce any evidence that he was exposed to any injury-causing, asbestos-containing products or equipment manufactured, sold or supplied by GOULDS.

## II.  Illinois Substantive Law and Legal Principles

4.      In an asbestos products liability action, it is the Plaintiff's burden to establish *prima facie* evidence of product exposure in order to survive a motion for summary judgment. *Thacker v. UNR Industries, Inc.*, 51 Ill.2d 343, 362 (1992). It is not the defendant's burden to disprove exposure. *Estate of Henderson v. W. R. Grace. Co.*, 185 Ill.App.3d 523, 529 (3d Dist. 1989). "The mere possibility that the plaintiff could have been exposed to a defendant's product is insufficient to withstand a motion for summary judgment." *Schultz v. Keene Corp.*, 729 F.Supp. 609, 614 (N.D. Ill. 1990); *Johnson v. E.D. Bullard Co.*, 284 Ill.App. 3d 669 (4th Dist. 1996).

5.      Without any product identification testimony (i.e. evidence), Plaintiff will be unable to maintain *his burden of proof* that an alleged product attributable to GOULDS was a substantial factor in causing his alleged injuries. *See Weber v. Armstrong World Indus., Inc.*, 235 Ill. App. 3d 790 (1992) (Summary judgment granted based on plaintiff's failure to offer evidence of product identification).

6.      Once the Plaintiff presents sufficient product identification evidence against a particular defendant, the Plaintiff must next establish *prima facie* evidence of "product exposure". *Thacker v. UNR Industries, Inc.*, 151 Ill.2d 343 (1992). Plaintiff must put forth evidence establishing: (1) that he regularly worked in an area where the defendants' product was frequently used; and (2) that he worked close enough to this area to come into contact with

2

defendants' product. *Thacker v. UNR Industries, Inc.*, 151 Ill.2d 343 (1992) (specifically adopting the frequency, regularity and proximity test as the rule of law in Illinois asbestos cases). In addition, speculation and conjecture cannot provide the basis for liability for asbestos product exposure allegations. *Zimmer v. Celotex Corp.*, 192 Ill.App.3d 1088 (1st Dist. 1989).

7.      The Illinois Supreme Court reaffirmed that the *Thacker* test governs Illinois asbestos cases: "In order to show causation *in an asbestos case*, a Plaintiff must produce evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the Plaintiff actually worked." *Donaldson v. Central Illinois Public Service Co.*, 199 Ill.2d 63 (2002).

8.      It is not enough simply to allege, or even establish, that a defendant's product was, at one time, present at a job site where Plaintiff worked. *Tragarz v. Keene Corp.*, 734 F.Supp. 834 (N.D. Ill. 1990) *See also, e.g., Shine v. Owens-Illinois, Inc.*, 979 F.2d 93 (7th Cir. 1992) (a Plaintiff's testimony that he had seen boxes of Owens-Illinois material present at the job site was not sufficient to create a material issue of fact regarding causation); and *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156 (4th Cir. 1986) (specifically rejecting the Plaintiff's invitation to find a jury question whenever there is any evidence that a defendant's asbestos-containing product was used at a workplace at the same time the plaintiff worked there).

### III. Plaintiff Has Failed To Produce Any Exposure Evidence Against Goulds

9.      GOULDS is entitled to Summary Judgment against the Plaintiff as a matter of law, since Plaintiff has failed to present any evidence that he ever worked with or around or was otherwise exposed to an asbestos-containing product attributable to a pump made by GOULDS at any of his jobsites.

130250184v1 0922874

10.     The Plaintiff's deposition took place on August 30, 2011. (See Deon W. Wright's Deposition, attached in full as Exhibit "C".) Mr. Wright testified that some Goulds pumps were present at the following Illinois jobsites: Pure Oil Co.; Zion Powerhouse; and Northern Petrochemical. (Wright dep., at pp. 32-34, 39, 50, 64-65, 73.) Mr. Wright admitted, however, that he never performed any internal repair or maintenance work on any Goulds pump, and he was never around anyone performing such work on a Goulds pump. (Wright dep., at pp. 122-128.) The Goulds pumps were also "insulation-free". Id. The only work Wright performed was on the "piping" leading to and from the pumps, not the pumps themselves. Id.

11.     As such, Wright could not possibly have sustained any exposure to an asbestos-containing product attributable to a Goulds pump, because he never worked on or around any maintenance or repair work to such a pump. Moreover, there is no legal authority to support Wright's claim of negligence against GOULDS in this case.

## IV.  Conclusion

12.     Plaintiff here has not carried his burden of proof, since he has failed to present any evidence to this Court showing that he sustained an occupational exposure to an asbestos-containing product in any way associated with GOULDS. Based upon this complete lack of evidence against GOULDS, there are no genuine issues of material fact, and GOULDS is entitled to Summary Judgment against the Plaintiff as a matter of law.

WHEREFORE, the Defendant, GOULDS PUMPS, INC., respectfully requests that this Court enter an Order granting it Summary Judgment against the Plaintiff as a matter of law, pursuant to Rule 56 and for any other relief the Court deems proper and just.

4

130250184v1 0922874

Respectfully submitted:

BY: _____

Attorneys for Defendant,
GOULDS PUMPS, INC.

Craig T. Liljestrand
HINSHAW & CULBERTSON LLP
222 North LaSalle Street
Suite 300
Chicago, IL 60601
(312) 704-3000

130250184v1 0922874