IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DEON W. WRIGHT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-CV-01954 |
| | ) | |
| **CBS CORPORATION, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED ORDER REGARDING**
**CBS CORPORATION'S AND PLAINTIFF'S MOTIONS IN LIMINE**

THIS CAUSE coming on to be heard on Defendant CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation's (hereinafter "Defendant") Motions *in Limine* and upon Plaintiff Deon Wright's Motions *in Limine*, the parties have agreed upon the dispositions of their Motions *in Limine*, and hereby formalize the agreed upon dispositions as follows below.

**ORDER REGARDING**
**DEFENDANT'S MOTIONS IN LIMINE**

IT IS HEREBY ORDERED that the Motions of Defendant are:

1. Omnibus Motions in Limine.

    1-1. Medical and scientific treatises are barred from jury deliberations.

    _____ Granted _____ Denied __X__ Consent _____ Withdrawn

    1-2. Plaintiff, his attorneys and his witnesses shall not refer to Westinghouse as an "asbestos" company.

    _____ Granted _____ Denied __X__ Consent _____ Withdrawn

1-3. Plaintiff, his attorneys and his witnesses, shall not mention, refer or imply before the jury to any evidence of personal injury, illness or deaths resulting from exposure to asbestos under conditions dissimilar to the conditions at issue in this case.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

Qualification: Discussions in the scientific or government literature are excluded from this motion without reference to state of the art.

1-4. Plaintiff, his attorneys and his witnesses, shall not mention, refer or imply before the jury that settlement negotiations were entered into between the parties.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

1-5. Plaintiff, his attorneys and his witnesses, shall not mention, refer or imply before the jury anything relating to any other plaintiffs' claims for personal injuries or other claims against Westinghouse allegedly arising out of exposure to asbestos.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

1-6. Plaintiff, his attorneys and his witnesses, shall not mention, refer or imply before the jury to any evidence relating to purchase orders, invoices or other circumstantial evidence of products sold to job sites where Plaintiff did not work.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

Qualification: This does not limit evidence that Westinghouse was in the business of selling turbines.

1-7. Plaintiff, his attorneys and his witnesses, shall not mention, refer or imply before the jury to any evidence relating to product identification testimony of any witness not previously disclosed or identified in Plaintiff's discovery responses and produced for deposition.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

1-8. Plaintiff, his attorneys and his witnesses, shall not mention, refer or imply before the jury to any evidence relating to product identification of any asbestos-containing products to which Plaintiff was allegedly exposed as told to him by any co-workers or other person.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

1-9. Plaintiff, his attorneys and his witnesses, shall not mention, refer or imply before the jury to any evidence relating to Plaintiff's workplace conditions unless he/she has been to the workplace.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

Qualification: This does not limit expert opinions about working conditions or other personal knowledge of witnesses.

1-10. Plaintiff, his attorneys and his witnesses, shall not mention before the jury any reference to or implication about the financial status of Westinghouse.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

1-11. The court requires that each party provide at least two trial days notice of intent to use any physical or demonstrative evidence.

__X__ Granted _____ Denied _____ Consent _____ Withdrawn

Qualification: This applies only to direct examination of witnesses or Plaintiff's case-in-chief.

1-12. The Court requires each party to give all other parties 24 hours advance notice of the witnesses whom they intend to call to testify at trial.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

1-13. Plaintiff, his attorneys and his witnesses, shall not mention, refer or imply before the jury to any evidence or testimony about or making reference to the absence or presence of a corporate representative at trial table as any reference would be wholly irrelevant and would only serve to prejudice Westinghouse.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

1-14. The Court's rulings on all Motions in Limine and other pre-trial motions of co-defendants shall apply to Westinghouse to the extent that such motions are not inconsistent with the defenses of Westinghouse.

_____ Granted _____ Denied _____ Consent __X__ Withdrawn

2. Motion in Limine to Exclude Evidence of the Bankruptcy Status of Any Defendant.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

3. Motion for Set-off and Disclosure by Plaintiff of Settlement Received to Date.

3

_____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

Qualification: Only the entities with whom settlements were made and total amount of set-offs will be disclosed.

4. Motion in Limine to Exclude References to Illnesses and Deaths of Other Workers.

_____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

Qualification: The parties agree that this motion does not apply to references in scientific literature.

5. Motion In Limine to Preclude Evidence of a Post-Sale Failure to Warn.

_____ Granted _____ Denied _____ Consent \_\_X\_\_ Withdrawn

6. Motion in Limine to Exclude Evidence of Defendant's Products Which Plaintiff Deon Wright Did Not Work with or around.

_____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

Qualification: The parties agree that this motion does not apply to evidence of historical knowledge/state of the art.

7. Motion in Limine to Bar Use of Prior Testimony Without Adequate Evidentiary Foundation.

_____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

8. Motion in Limine to Exclude Evidence of Liability Insurance.

_____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

9. Motion in Limine to Exclude All Anecdotal Testimony Concerning Personal Injury.

_____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

10. Motion in Limine to Bar Evidence Suggesting that Westinghouse is Liable for Asbestos from Other Manufacturers' Products.

_____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

Qualification: The parties agree that this motion does not apply to evidence contained in defendant Westinghouse's own drawings, specifications and contracts.

11.     Motion in Limine to Bar Testimony of Lay Persons Concerning Whether Certain Products Contained Asbestos.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

Qualification: The parties agree that this motion does not apply to the situation where a lay witness can proffer specific knowledge that a particular product contained asbestos. Specifically, William LaPointe and Joseph Ferriter will not testify as to whether a specific product contained asbestos unless they possess specific knowledge as to that fact. Upon a foundational demonstration, experts may opine as to asbestos content of material and plaintiff may attempt to elicit such testimony from Westinghouse witnesses.

12.     Motion in Limine Relating to Trade Organizations.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

Qualification: The parties agree that if an attempt to use such materials will be made by either party that the party attempting to proffer such evidence will inform the opposing party of the desire to proffer such evidence and provide them with the opportunity to object to the use of the same. The parties also agree that this type of evidence may be used to show the general state of the art and specific membership in trade organizations provided that the notice requirement set forth herein is met.

13.     Motion in Limine to Exclude Post-Exposure Evidence.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

Qualification: The parties agree that this type of evidence may be used to show the dangerous nature of a specific and particular asbestos product.

14.     Motion in Limine to Exclude References to "Legal Duties" Because the Existence of a Duty is a Question of Law for the Court.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

Qualification: The parties agree that this order is mutual in nature and applicable to both parties.

15.     Motion in Limine to Bar Evidence of Post-Sale Manufacturing of Products.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

Qualification: The parties agree that this order applies to any attempt to proffer evidence of products manufactured after 1974. The parties further agree that if plaintiff intends to seek to admit the (approximately) 1976 Westinghouse memo about asbestos free

materials into evidence that he will notify the defendant of this intention prior to attempting to introduce the same such that a court ruling may be sought if needed.

16. Motion in Limine to Bar Speculative Fact Witness Testimony.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

Qualification: The parties agree that this motion does not apply to the situation where a lay witness can proffer specific knowledge that a particular product contained asbestos.

17. Motion in Limine to Bar Evidence of Medical Expenses Unrelated to Plaintiff's Lung Cancer.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

Qualification: The parties agree that this motion does not apply to proffers of evidence of future care and treatment relating to plaintiff's lung cancer, contingent upon a foundation being laid for the admission of such evidence.

18. Motion in Limine to Bar Evidence of the Jeffery J. Bair "Draft Memo" and other Associated Products.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

19. Motion in Limine to Exclude the Opinions of Joseph Ferriter.

_____ Granted _____ Denied _____ Consent __X__ Withdrawn

20. Motion in Limine to Exclude the Opinions of William LaPointe.

_____ Granted _____ Denied _____ Consent __X__ Withdrawn

21. Motion in Limine to Exclude the Opinions of Barry Castleman.

_____ Granted _____ Denied _____ Consent __X__ Withdrawn

22. Motion in Limine to Exclude any Reliance Upon the Opinions of Alvin Schonfeld.

_____ Granted _____ Denied _____ Consent _____ Withdrawn __X__ Reserved

Qualification: This motion will be submitted to the court for ruling based upon further briefing.

23. Motion in Limine to Exclude the 'Each and Every Exposure' Opinion.

_____ Granted _____ Denied _____ Consent __X__ Withdrawn

WHEREFORE, Plaintiff, his attorneys, and his witnesses are barred from presenting any testimony or evidence of any kind as dictated by the rulings on the above Motions *in Limine*.

SO ORDERED,

5-3-13

Judge _____ Judge's No.

### ORDER REGARDING
### PLAINTIFF'S MOTIONS IN LIMINE

IT IS HEREBY ORDERED that the Motions of Plaintiff are:

1. Plaintiff has received, has been entitled to receive, or has applied for benefits of any kind from a collateral source.

    _____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

2. Plaintiff has received, has been entitled to receive or will in the future receive, monies in settlement of claims against other parties or nonparties.

    _____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

3. Plaintiff has or has not attempted to settle his claims.

    _____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

4. Evidence about the selection of, lack of inclusion, or exclusion of potential parties in the pleadings.

    _____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

5. Plaintiff has made claims in bankruptcy or in this case against entities which are not trial defendants unless defendant lays the foundation to prove the documentation within the claim form is admissible to prove exposure to asbestos to against a specified entity.

    _____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

    Qualification: Plaintiff will provide updated bankruptcy claim submissions, if any, prior to trial.

6.     Defendants who were granted summary judgment in this case can be responsible for decedent's injury. The motion is limited to summary judgments granted based on lack of exposure or causation.

    _____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

7.     The time or circumstances under which plaintiff employed her attorney.

    _____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

8.     Cascino Vaughan Law Offices represents, or has been referred other cases involving, other asbestos-exposed individuals and/or asbestos product liability actions, except to show bias of experts or of a witness who is represented by CVLO.

    _____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

9.     Any suggestion or indication that any defendant personally will have to pay any judgment entered in these cases.

    _____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

10.     Asbestos lawsuits, or plaintiff's claims, are in any way "lawyer-made" lawsuits or claims, or in any other way infer that such cases are generated or caused by plaintiff's counsel.

    _____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

11.     How plaintiffs lawyers are paid for their services.

    _____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

12.     Use of asbestos containing insulation on United States Navy ships in World War II

    _____ Granted _____ Denied _____ Consent \_\_X\_\_ Withdrawn

13.     The United States Government failed to warn citizens or industry of the hazards associated with asbestos-containing products manufactured, sold or distributed by the defendant.

    _____ Granted _____ Denied _____ Consent \_\_X\_\_ Withdrawn

14.     The United States government stockpiled asbestos.

    _____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

15.     Asbestos insulation products "won the war" or any reference to such products being necessary during World War II or any other war.

_____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

16. A defendant is not responsible for the victim's injury because of purported compliance with government specifications with regard to products which contained asbestos which is alleged to have caused the injury to decedent.

_____ Granted _____ Denied _____ Consent \_\_X\_\_ Withdrawn

17. Plaintiff sustained or suffered any illness, accident or injury other than the illnesses and/or diseases made the basis of this lawsuit, without laying proper foundation to show the condition affected his health or life span.

_____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

18. Plaintiff's pre-existing medical conditions of any type unless and until a proper foundation is laid, outside the presence of the jury, as to the admissibility and relevance of such information to causation of damages, such as pain and suffering or shortened life expectancy.

_____ Granted _____ Denied _____ Consent \_\_X\_\_ Withdrawn

Qualification: Defendant will provide notice in advance of such evidence or contention unless already included in a properly disclosed expert report.

19. The number of asbestos suits brought against defendants.

_____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

20. That the United States government's ban of asbestos was overturned on appeal in the United States Court of Appeals for the 5th Circuit.

_____ Granted _____ Denied _____ Consent \_\_X\_\_ Withdrawn

21. Workers' compensation claims filed by Mr. Wright or that certain claims have not been filed by plaintiffs.

_____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

22. Any other court has barred or limited the testimony of any expert called by plaintiff in this case.

_____ Granted _____ Denied \_\_X\_\_ Consent _____ Withdrawn

Qualification: The parties agree that further argument may be presented to the court after the conduct of the trial deposition of Dr. Barry Castleman. Additionally, further argument related to specific expert witnesses may be undertaken on as warranted.

23. That plaintiff failed to wear any breathing protection device during his work, absent foundation such masks were available to plaintiff.

_____ Granted _____ Denied _____ Consent __X__ Withdrawn

24. References, other than during jury selection, to names of persons as being potential witnesses or that they were identified in interrogatory answers or other discovery documents as potential witnesses absent a finding by the court that a missing witness instruction is proper.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

25. Westinghouse had no role in supplying the insulating materials for the turbines at Zion Nuclear Power Plant.

_____ Granted _____ Denied _____ Consent __X__ Withdrawn

26. Testimony by expert witnesses about factual information contained in depositions which has not been presented to the jury by other means. Such testimony is hearsay. Opinions must be presented by hypothetical assumptions supported by evidence.

_____ Granted _____ Denied __X__ Consent _____ Withdrawn

Qualification: The parties agree the party proffering such evidence will inform the other party sufficiently in advance of the proffer such that the other party may issue objections to the same prior to the attempted proffer.

WHEREFORE, Defendants, their attorneys, and their witnesses are barred from presenting any testimony or evidence of any kind as dictated by the rulings on the above Motions *in Limine*.

SO ORDERED,

5-3-13

_____
Judge          Judge's No.

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused copies of the foregoing Agreed Order Regarding CBS Corporation's and Plaintiff's Motions in Limine to be served upon the counsel of record through the United States District Court for the Northern District of Illinois's ECF System on this 5th, of April 2013

By: /s/ Adam M. Mergenthaler
One of Plaintiff's Attorneys

Service List
Wright v. CBS, et al.; 11-CV-1954

CBS Corporation
Daniel G. Donahue
Jacob D. Sawyer
FOLEY & MANSFIELD, PLLP
39 S. LaSalle Ste. 1110
Chicago, IL 60603
312-233-2560
Ddonahue@foleymansfield.com
jsawyer@foleymansfield.com

and

Richard M. Lauth
Ivan A. Gustafson
William D. Harvard
EVERT & WEATHERSBY
3405 Peidmont Road, Suite 225
Atlanta, GA 30305
678-651-1200
rmlauth@ewhlaw.com
IAGustafson@ewhlaw.com
WDHarvard@ewhlaw.com

John Crane Company
Sean P. Fergus
Daniel J O'Connell
O'CONNELL TIVIN MILLER & BURNS LLC
135 S. LaSalle St. Ste 2300
Chicago, IL 60603
312-256-8800
sean@otmblaw.com
dan@otmblaw.com