**FILED**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
### EASTERN DIVISION

MAY 2 2 2013

**JUDGE REBECCA R. PALLMEYER**
**UNITED STATES DISTRICT COURT**

| | |
|---|---|
| Deon Wright, | |
| Plaintiff, | |
| v. | No. 11-CV-01954 |
| CBS Corporation, et al., | |
| Defendants. | |

Case

---

### Plaintiffs' Proposed Jury Instructions and Verdict Forms

---

<u>Index to Plaintiff's Proposed Jury Instructions and Verdict Forms</u>

7th Cir. PI 1.01      Functions of the Court and Jury

7th Cir. PI 1.02      No Inference From Judge's Questions

3.      7th Cir. PI 1.04 Evidence

4.      7th Cir. PI 1.05 Deposition Testimony

5.      7th Cir. PI 1.06 What is Not Evidence

6.      7th Cir. PI 1.07 Note Taking

7.      7th Cir. PI 1.08 Consideration of All Evidence Regardless of Who Produced

8.      7th Cir. PI 1.09 Limited Purpose of Evidence

9.      7th Cir. PI 1.11 Weighing the Evidence

10.      7th Cir. PI 1.12 Definition of "Direct" and "Circumstantial" Evidence

11.      7th Cir. PI 1.13 Testimony of Witnesses: Deciding What to Believe

| | | |
|---|---|---|
| 12. | 7th Cir. PI 1.14 | Prior Inconsistent Statements |
| 13. | 7th Cir. PI 1.16 | Lawyer Interviewing Witness |
| 14. | 7th Cir. PI 1.17 | Number of Witnesses |
| 15. | 7th Cir. PI 1.18 | Absence of Evidence |
| 16. | 7th Cir. PI 1.21 | Expert Witnesses |
| 17. | 7th Cir. PI 1.24 | Demonstrative Evidence |
| 18. | 7th Cir. PI 1.27 | Burden of Proof |
| 19. | 7th Cir. PI 2.04 | Stipulated Testimony |
| 20. | 7th Cir. PI 2.05 | Stipulations of Fact |
| 21. | 7th Cir PI 2.08 | Depositions as Substantive Evidence |
| 22. | IPI 10.01 | Negligence – Adult – Definition |
| 23. | IPI 10.02 | Ordinary Care – Adult – Definition |
| 24. | IPI 10.04 | Duty to Use Ordinary Care – Adult – Defendant |
| 25. | IPI 15.01 | Proximate Cause – Definition |
| 26. | IPI 12.04 | Concurrent Negligence Other Than Defendant's |
| 27. | IPI 20.01 | Issues Made by the Pleadings – Negligence |
| 28 | IPI 21.02, B21.02.01 | Burden of Proof on the Issues–Negligence |
| 29. | IPI 30.01 | Measure of Damages Personal & Property |
| 30. | IPI 30.04.02 | Loss of a Normal Life–Definition |
| 31. | IPI 34.01 | Damages Arising in the Future-Extent and |

|     |     |     |
|-----|-----|-----|
|     | Amount |     |
| 32. | IPI 34.04 | Damages Arising in the Future–Mortality Tables a Evidence of |
| 33. | IPI 34.02 | Damages Arising in the Future–Discount to Present Cash Value |
| 34. | IPI 3.03 | Insurance/Benefits |
| 35. | 7th Cir. PI 1.32 | Selection of Presiding Juror; General Verdict |
| 36. | 7th Cir. PI 1.33 | Communication With Court |
| 37. | IPI B45.03 | Instr. on Use Of Verdict Forms— Negligence Only--Single Plaintiff and Multiple Defendants |
| 38. | IPI B45.03.A | Verdict Form A–Single Plaintiff and Claimed Multiple Tortfeasors—Comparative Negligence–Verdict for Plaintiff Against Some But Not All Defendants |
| 39. | IPI B45.03.B | Verdict Form B–Single Plaintiff and Multiple Defendants |

Plaintiff reserves the right to submit additional instructions.

Dated: May 19, 2013

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

The evidence consists of the testimony of the witnesses, and the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

During the trial, certain testimony was presented to you by the reading of a deposition and by video tape. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Certain work process studies and medical diagrams have been shown to you. Those studies and diagrams are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

The parties have stipulated, or agreed, that plaintiff Deon Wright incurred $149,646.43 in medical expenses throughout the course of his care and treatment for lung cancer. You must now treat this fact as having been proved for the purpose of this case.

When I use the word "negligence" in these instructions, I mean the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

When I use the words "ordinary care," I mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

It was the duty of the defendant, before and at the time of the occurrence, to use ordinary care for the safety of Deon Wright. That means it was the duty of the defendant to be free from negligence.

When I use the expression "proximate cause," I mean a cause that, in the natural and ordinary course of events, produced the plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

More than one person may be to blame for causing an injury. If you decide that the defendant was negligent and that his negligence was a proximate cause of injury to the plaintiff, it is not a defense that some third person who is not a party to the suit may also have been to blame.

However, if you decide that the sole proximate cause of injury to the plaintiff was the conduct of some person other than the defendant, then your verdict should be for the defendant.

The plaintiff Deon Wright claims that he was injured and sustained damages arising from his lung cancer diagnosis, and that the defendant knew or should have known about the health hazards of asbestos before the work at the Zion Nuclear Powerhouse and was negligent in one or more of the following respects.

First, in failing to adequately warn Plaintiff of the health hazards of asbestos;

Second, in failing to investigate or test for the health effects of asbestos-containing products prior to their use on Westinghouse turbine systems at the Zion Powerhouse;

Third, in failing to instruct persons working on Westinghouse turbine systems as to precautionary measures necessary to prevent asbestos exposures;

Fourth, in failing to exercise reasonable care in designing, supplying or installing a turbine system for the Zion Powerhouse which used asbestos containing insulation materials instead of substitute insulation materials.

The plaintiff further claims that one or more of the foregoing was a proximate cause of the injuries.

In this case Defendant has asserted the affirmative defense that:

Plaintiff's injuries were caused by other parties over whom this Defendant could not exercise control and those parties are the sole proximate cause of Plaintiff's injuries.

The Defendant has the burden of proving this defense.

If you find from your consideration of all the evidence, that any one of the propositions the Plaintiff is required to prove has not been proved, or that the Defendant's affirmative defense has been proved, then your verdict shall be for the defendant. If, on the other hand, you find from your consideration of all the evidence that each of the propositions required of the Plaintiff has been proved and that the Defendant's affirmative defense has not been proved, then your verdict shall be for the Plaintiff.

The plaintiff has the burden of proving each of the following propositions as to the defendant:

First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent;

Second, that the plaintiff was injured;

Third, that the negligence of the defendant was a proximate cause of the injury to the plaintiff.

If you find from your consideration of all the evidence that any of these propositions has not been proved as to the defendant, then your verdict shall be for the defendant. On the other hand, if you find from your consideration of all the evidence that all of these propositions have been proved as to the defendant, then your verdict shall for the plaintiff as against the defendant.

As to Deon Wright, if you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages, arising from his lung cancer diagnosis, proved by the evidence to have resulted from the negligence of the defendant, taking into consideration the nature, extent and duration of the injury.

The reasonable expense of necessary medical care, treatment, and services received and the present cash value of the reasonable expenses of medical care, treatment and services reasonably certain to be received in the future;

The loss of a normal life experienced and reasonably certain to be experienced in the future;

The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

The emotional distress experienced and reasonably certain to be experienced in the future.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

When I use the expression ¢loss of a normal life¢, I mean the temporary or permanent diminished ability to enjoy life. This includes a person's inability to pursue the pleasurable aspects of life.

If you find that the plaintiff is entitled to damages arising from his lung cancer diagnosis in the future because of injuries or because of future medical expenses, or because of loss of normal life, or because of pain and suffering, or because of emotional distress,   you must determine the amount of these damages which will arise in the future.

If these damages are of a continuing nature, you may consider how long they will continue. If these damages are permanent in nature, then in computing these damages you may consider how long Deon Wright is likely to live.

According to a table of mortality in evidence, the life expectancy of a male person aged 72 years is 12.6 years. This figure is not conclusive. It is the average life expectancy of persons who have reached the age of 72. It may be considered by you in connection with other evidence relating to the probable life expectancy of the plaintiffs in this case, including evidence of their occupations, health, habits, and other activities, bearing in mind that some persons live longer and some persons less than the average.

In computing the damages arising in the future because of future medical expenses you must determine their present cash value. ¢Present cash value¢ means the sum of money needed now, which, when added to what that sum may reasonably be expected to earn in the future, will equal the amount of the expenses at the time in the future when the expenses must be paid.

Damages for pain and suffering and   loss of a normal life are not reduced to present cash value.

Whether a party is insured or not insured has no bearing on any issue that you must decide. You must refrain from any inference, speculation, or discussion about insurance.

If you find for the plaintiff, you shall not speculate about or consider any possible sources of benefits the plaintiff may have received or might receive. After you have returned your verdict, the court will make whatever adjustments are necessary in this regard.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

When I use the expression "contributory negligence", I mean negligence on the part of the plaintiff that proximately contributed to cause Plaintiff's injury.

When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which he has the burden of proof is more probably true than not true.

When you retire to the jury room you will first select a foreperson. He or she will preside during your deliberations.

Your verdict must be unanimous.

Three forms of verdicts are supplied with these instructions. After you have reached your verdict, fill in and sign the appropriate form of verdict and return it to the court. Your verdict must be signed by each of you. You should not write or mark upon this or any of the other instructions given to you by the court.

If you find for Deon Wright and against CBS/Westinghouse and if you further find that Deon Wright was not contributorily negligent, then you should use Verdict Form A.

If you find for Deon Wright and against CBS/Westinghouse and if you further find that Deon Wright's injury was proximately caused by a combination of CBS/Westinghouse's negligence and Deon Wright's contributory negligence, then you should use Verdict Form B.

If you find for CBS/Westinghouse and against Deon Wright then you should use Verdict Form C.

VERDICT FORM A

We, the jury, find for Deon Wright and against the defendant CBS Corporation.   We assess the

damages in the sum of:                                                    $ _____

     itemized as follows:

The reasonable expense of past medical and medically related expenses:   $ _____

The present cash value of the reasonable expenses of medical care, treatment, and services
reasonably certain to be received in the future:

                                                   $ _____

The loss of a normal life experienced and reasonably certain to be experienced in the future:

                                                   $ _____

The pain and suffering experienced and reasonably certain to be experienced in the future as a
result of the injuries:

                                                   $ _____

The emotional distress experienced and reasonably certain to be experienced in the future:

                                                   $ _____

PLAINTIFF'S TOTAL DAMAGES:                                               $ _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

VERDICT FORM B

We, the jury, find for Deon Wright and against CBS/Westinghouse and further find the following:

First: Without taking into consideration the question of reduction of damages due to the negligence of Deon Wright, we find that the total amount of damages suffered by Deon Wright as a proximate result of the occurrence in question is          $_____

     itemized as follows:

The reasonable expense of past medical and medically related expenses:     $_____

The present cash value of the reasonable expenses of medical care, treatment, and services reasonably certain to be received in the future:

$_____

The loss of a normal life experienced and reasonably certain to be experienced in the future:

$_____

The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries:

$_____

The emotional distress experienced and reasonably certain to be experienced in the future:

$_____

PLAINTIFF'S TOTAL DAMAGES:                    $_____

Second: Assuming that 100% represents the total combined negligence of all persons whose negligence proximately contributed to Deon Wright's injury, including Deon Wright and CBS/Westinghouse, we find that the percentage of such negligence attributable to plaintiff Deon Wright is

_____%

    Third: After reducing the total damages sustained by Deon Wright by the percentage of negligence attributable solely to Deon Wright, we assess Deon Wright's recoverable damages in the sum of:

$_____

VERDICT FORM C

We, the jury, find for the defendant CBS/Westinghouse and against the plaintiff Deon Wright.

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____